## John C. Sloan v. C. H. Thornhill.

1. CONTRACTS—*Willingness to Perform, a Question of Fact.*— Whether a plaintiff who sues for the breach of a contract of sale was ready and willing to perform on his part, is a question of fact for the jury, and where a refusal to deliver the goods sold is proved, evidence of a tender is not essential.

**Transcript**, from a justice of the peace. Appeal from the Circuit Court of Mercer County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

BASSETT & BASSETT, attorneys for appellant.

THOMASON & CUMMINS, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellee brought suit against appellant, before a justice of the peace, to recover damages for an alleged failure to deliver certain cattle which the former claims were sold to him by the latter.   The cause was tried by a jury and appellee recovered a verdict.   Appellant took the case to the Circuit Court by appeal, where it was again tried by a jury, resulting in a verdict for appellee for $125.   A motion for a new trial being overruled there was judgment on the verdict.   Appellant brings the case here and seeks a reversal, on the grounds, mainly, that the verdict is against the evidence, and that the court erred in giving instructions.   Ap-

pellee claims to have purchased from Sloan, appellant, eight cows, one bull and one crippled steer at two cents per pound, seven heifers at two and one-tenth cents per pound, and thirteen steers at three and one-tenth cents per pound. That the contract was made on Saturday afternoon, and appellee was to go to appellant's place the following Tuesday evening and assist in rounding up and weighing the cattle, and take them away Wednesday morning, the payment to be then made in cash.

Appellee went to Sloan's place on Tuesday evening and with the aid of appellant's son got the cattle into the lot, and remained until the next morning, when appellant informed appellee that the cattle belonged to his, appellant's, daughters, and that they were not willing to sell for the price appellee had agreed to pay for them, and informed appellee that he might talk to the daughters. Appellee then offered the daughters $5 each for their consent to the sale, but they demanded $100. Appellant refused to do anything more about it, claiming that he had only sold the cattle on condition that his daughters consented to the sale. After formal demand made, appellee brought suit, with the result already stated. As to whether the sale was absolute or conditional was purely a question of fact, which two juries have determined against appellant, and we think their verdicts were justified by the evidence.

It is objected that the evidence does not show that appellee was ready to comply with the contract on his part, but we think the point is not well taken. He appeared at the time and place agreed upon, apparently ready to take the cattle, but appellant absolutely refused to deliver them, without reference to the question of payment. When appellant refused to deliver the cattle, it would have been a useless formality for appellee to take out his money and offer to pay. This matter seems to have been an afterthought on the part of appellant, or his counsel, even his instruction No. 5 failing to put in this condition as one of the requisites to a right of recovery by appellee. Whether appellee was ready and willing to perform the contract on his part, was

·a question of fact for the jury, and under the circumstances slight evidence on this point was sufficient. We see no error in the rulings of the court as to the measure of damages, nor in its action upon the instructions, and the judgment will be affirmed.